In re: Joe Thompson, Jr. applying for writs of certiorari, prohibition, mandamus and habeas corpus.
Writs refused. The showing made does not warrant the exercise of our supervisory jurisdiction.
BARHAM, J.,
dissent? from the refusal and assigns written reasons.
DIXON, J.,
dissents from refusal to grant writs. Even after an evidentiary hearing,( the record is silent and does not disclose that the plea of guilty was intelligently and voluntarily made. The requirements of Boykin have not been met.
BARHAM, Justice (dissenting from refusal to grant writs).
*549 This relator pleaded guilty on November 10, 1969, to a charge of simple burglary and was sentenced to a term of two years. He filed a petition for writ of habeas corpus in the Eighth Judicial District Court, Parish of Grant, alleging that he did not make a knowing and intelligent waiver of his rights, that he involuntarily pleaded guilty, that he was not in fact guilty, and that the record made up by that court at the time of his plea of guilty is silent as to whether the court apprised him of his rights and whether he waived those rights. The court granted an evidentiary hearing in an attempt to supply the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (June 2, 1969). At the evidentiary hearing the court stated from the bench, not under oath, that it always asks the defendants whether their rights have been explained to them by their counsel. The court said it was sure from its policy that this was done in this case, and that relator answered affirmatively that his rights had been explained. The court further assumed from its general practice that relator also stated at the time of his guilty plea that it was made of his own will and accord.with full knowledge of his rights.
In our consideration of writ applications we have consistently believed that Boykin v. Alabama should not have retroactive effect, relying upon the holding in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (May 5, 1969), that McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (April 2, 1969), was not to be retroactive in application. Our court has had several disagreements in passing upon writ applications as to the meaning of Boykin v. Alabama. We have vacillated in our approach to pre-Boykin pleas of guilty, and we have vacillated in our approach to post-Boykin pleas of guilty. It should be apparent from the number of writ applications we receive that the trial courts also differ in their views on this matter. Whatever the majority of this court may determine the meaning of Boy-kin to be, we should once and for all put it to rest, if not for our benefit so as to have a cohesive court, then for the benefit of the trial courts so that they will not continue to commit error in one direction or the other.
The federal district courts and courts of appeals have a fairly uniform understanding of the meaning of Boykin, and numerous pleas of guilty made in the state courts after Boykin have been set aside in the federal system under writs of habeas corpus because the federal judges considered that Boykin had not been complied with.
McCarthy v. United States held that in federal prosecutions Rule 11 of the Federal Rules of Criminal Procedure must be complied with in every respect. It held that at the time of the plea the trial judge must *551 determine that the defendant knew of his constitutional rights which were to be waived by the plea, that he knowingly and intelligently waived these rights, and that he entered a plea “voluntarily with understanding of the nature of the charge”. Moreover, it was held that the record made at the time of the plea should affirmatively show that the explicit inquiry was made and that the response indicated a knowing and intelligent waiver and a voluntary plea. If the record made at the time of the plea — • this would usually consist of the minutes— did not reflect full compliance with Rule 11, the defect could not be cured by a later evidentiary hearing which might establish that all the criteria had been met except for the affirmative showing on the record. Halliday v. United States refused to make this holding retroactive.
In Boykin v. Alabama, the Supreme Court of the United States held:
“ * * * It was error, plain on the face of the record, for the trial judge to accept petitioner’s guilty plea without an affirmative showing that it was intelligent and voluntary. * * *
“ * * * The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 8 L.Ed.2d 70, 77, 82 S.Ct. 884, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: ‘Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understanding^ rejected the offer. Anything less is not waiver.’
“We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422, 13 L.Ed.2d 934, 938, 85 S.Ct. 1074.
“Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 12 L.Ed.2d 653, 84 S.Ct. 1489. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 20 L.Ed.2d 491, 84 S.Ct. 1444. Third, is *553 the right to confront one’s accusers. Pointer v. Texas, 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065. We cannot presume a waiver of these three important federal rights from a silent record.” (Emphasis supplied.)
The two justices who composed the minority in Boykin pointed out that the majority held, first, that the judge must inquire into the knowing, intelligent, and voluntary character of the plea and, second, that there must be an affirmative record left which reflects that inquiry. While I recognize the divisiveness of our court as to the holdings of McCarthy, Halliday, and Boykin, I have great difficulty in determining that any other result was intended than that which is so expressly stated in both the majority and the minority opinions in Boykin.
I therefore conclude that relator here, who pleaded guilty several months after Boykin, was entitled to have the trial cotirt at the time of pleading make specific inquiry whether he knew all of his constitutional rights, make certain that he was informed of those rights which would be waived by a guilty plea, and ascertain that the plea entered was knowing, intelligent, and voluntary in the light of these circumstances and the 'consequences he faced under the charge to which he pleaded. After Boykin no lawyer and no official of the court other than the judge could make this ascertainment or accept the defendant’s waiver of constitutional rights. Moreover, after Boykin it was the obligation of the trial court to have its record which was made at the time of the plea show that there had been compliance with these requirements. After Boykin a later evidentiary hearing could not cure the lack of an affirmative showing on the record.
In the case at hand, the record at the time of the plea of guilty fails to show compliance, so that we should automatically set aside the plea of guilty. Moreover, the evidentiary hearing, which was uselessly had as I interpret Boykin, also failed to reflect a compliance with the other requirements of Boykin. While this court has not spoken concisely and consistently on this point, the trial courts of this state should be cognizant of the fact that pleas of guilty entered after the effective date of Boykin (June 2, 1969) are constantly being set aside by the federal courts when the pleas have not been preceded by the court’s inquiry in compliance with Boykin and have not been accompanied by a record which affirmatively shows this compliance. This appears to me to be in accord with the law as enounced by the United States Supreme Court. Our trial courts, even if a majority of this court does not speak to that effect, would do well to comply with this rule. Such compliance would avoid the situation where a guilty plea which actually has been *555 entered freely and knowingly is set aside on application for habeas corpus. Whether the highest court of this state or the lowest court of the federal system sets aside the plea of guilty, the result is the same, and I would urge the trial courts to be cognizant of the result even if they are in disagreement about the law.
Irespectfully dissent from the refusal to grant the writs.