252 So.2d 437

STATE of Louisiana ex rel.
Marshall M. MARTIN

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.

No. 51707.

Sept. 21, 1971.

In re: Marshall M. Martin applying for writ of habeas corpus.

Writ refused. The showing made does not warrant the exercise of our original or supervisory jurisdiction.

BARHAM, J., is of the opinion the writ should be granted and assigns written reasons.

BARHAM, Justice (dissenting from refusal to grant writs).

Relator entered a plea of guilty to manslaughter, for which he was sentenced to 15 years, and a plea of guilty to simply robbery, for which he was sentenced to five years, the sentences to run concurrently. He here complains that the pleas were involuntary, without knowledge of his constitutional rights and without waiver of constitutional rights as required in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (June 2, 1969). The pleas of guilty, entered January 9, 1970, were post-Boykin.

The minutes of the trial court on the guilty pleas read in pertinent part as follows:

"* * * CHARGES: MANSLAUGHTER
SIMPLE ROBBERY

"The accused in the presence of his attorney * * * was duly arraigned and pleaded Guilty to both charges. * * *"

Since the minutes were the total record made at the time of the pleas of guilty, it is apparent that the Boykin rule was not complied with.[1]

The first conclusion which appears to be forced upon this court is that the relator is automatically entitled to relief because there is no affirmative showing on the record made at the time of the pleas that the district court ascertained the free and voluntary nature of relator's pleas by informing him of his constitutional rights and receiving a waiver of those rights from him. An evidentiary hearing was not required, served no purpose, and could not cure the defect in the record of failure to show affirmatively that the pleas were made freely and voluntarily and with full knowledge both of the constitutional rights to be waived by the pleas and of the consequences of the pleas.

Boykin, as I understand it, requires that state *courts* make the same inquiry required under federal rules (Federal Rule 11 particularly) before accepting a guilty plea, and further requires the *court* to make a record at that time which affirmatively shows this compliance. See my dissent in State ex rel. Thompson v. Henderson, Warden, 258 La. 548, 246 So.2d 859.

Moreover, the attempt to cure this defect under Boykin by a post-plea evidentiary hearing compounds the error. Although at that hearing relator's counsel testified that relator knew of his constitutional rights and had informed *counsel* that he waived them, it was established affirmatively that there was never a hearing in open court to ascertain that relator's pleas were free and voluntary. The judge testified that the only question he asked the relator was "* * * if he realized the consequences of his pleading guilty * * *". When the judge was asked whether he indicated to relator the constitutional rights he would waive by his guilty pleas, the judge replied: "No, sir. Because I felt he was represented by very able counsel."

Boykin requires pleas of guilty to be accepted only after inquiry by the *judge* into the voluntary character of the pleas. Counsel is bypassed for satisfaction of this constitutional safeguard in post-Boykin arraignments. See 83 Harv.L.Rev. 181, 187.

I regret my repeated dissents in writ applications involving the Boykin issue. They consume time which is already spread too thinly, and appear not to change the direction of this court. Our district courts, however, many of which do not have ex-

---

1. We previously granted writs with a special fixing on our October docket in two cases in order that we might speak definitively on the Boykin issues. For this if for no other reason, this writ either should have been granted or should be held in abeyance awaiting this court's opinions in those cases after full hearing.

tensive libraries, may be unaware that the federal courts take a view contrary to that of the majority of the Louisiana Supreme Court. I can only hope that my dissents, which are made available to the Louisiana trials courts through the State Reporter, will assist them in determining their courses of action.