SUMMERS, Justice
(concurring).
By footnote reference to dissents in State ex rel. Thompson v. Henderson, 258 La. 548, 246. So.2d 859 (1971), the author of the opinion seems to say without saying so that a written record is required to be made of the waiver of constitutional rights referred to in Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), at the time of the waiver.
It is, of course, clear that a written record of the waiver at the time it is given is the preferable procedure. However, I do not agree with the view that the failure to make this record at the time of the waiver in itself invalidates a plea in which the advice concerning constitutional rights is otherwise given in accordance with the rule of the Boykin Case.
When the Boykin Court declared that waiver could not be presumed from a silent record it did not imply that a failure to record the circumstances of the waiver would invalidate the guilty plea, nor did this statement preclude a showing that the waiver was in fact voluntarily made as 'required by Boykin.