BROWN, Plaintiff in error, v. WOLKE (Sheriff),
Defendant in error.

*No. State 82. Argued April 12, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 344.)

For the plaintiff in error there were briefs by *Robert H. Friebert,* public defender, and *Richard A. McDermott* of Milwaukee, and oral argument by *Mr. Friebert.*

For the defendant in error the cause was argued by *E. Michael McCann,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

CONNOR T. HANSEN, J. The trial court dismissed the petition for a writ of habeas corpus which had been filed by plaintiff in error, Frank J. Brown, Jr. Counsel was provided for the plaintiff in error by the trial court for the hearing of his petition and the matter is now before this court on a writ of error.

It appears that Brown is in the Milwaukee county jail on a commitment for want of recognizance arising out of two counts of first-degree murder and a request for detention charging parole violation filed with the sheriff by the Wisconsin State Department of Public Welfare (now the Department of Health & Social Services). On oral argument, this court was informed that Brown had elected to remain in the Milwaukee county jail rather than exercise his right to be returned to the state penal

institution to serve the remainder of his sentence for which his parole had been revoked and that he had made that election with full knowledge of the consequences thereof.

A narrow issue is presented in this case. The trial court, in effect, determined that inasmuch as Brown was being held as a parole violator it did not have jurisdiction to determine the merits of the habeas corpus proceeding as it related to the custodial detention on the two murder charges. The trial court indicated that if it were to consider the writ of habeas corpus directed to Brown's detention on the two murder charges, a favorable consideration thereof could only result in "a partial issuance of a writ of habeas corpus."

We are satisfied the result reached by the trial court would have been different had it not been called upon to pass judgment in the instant case prior to the decision of this court in *State ex rel. La Follette v. Circuit Court* (1967), 37 Wis. 2d 329, 155 N. W. 2d 141. In *La Follette v. Circuit Court,* this court considered sec. 292.20, Stats.,[1] and in doing so held that the statute was to be given a broader meaning so as to embrace a limited discharge from custody of the penal institution in which the petitioner is confined as well as an absolute discharge from all custody. *See also State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 251, 252, 133 N. W. 2d 753.

The state, in its brief, concedes that a court hearing a post-conviction habeas corpus petition has jurisdiction to consider the petition on its merits and, upon proper grounds, grant the relief therein sought, even though the petitioner would remain in confinement for other

---

[1] "292.20 **When party discharged.** If no legal cause be shown for such imprisonment or restraint or for the continuance thereof the court or judge shall make a final order discharging such party from the custody or restraint under which he is held."

reasons. The same rule applies to pre-conviction habeas corpus petition. Whether Brown is being legally held for a violation of his parole has no direct relation to his right to a determination on the merits as to his custodial detention on the two murder charges.

Prior to the filing of the instant petition for habeas corpus with the trial court, Brown had been heard on a motion to dismiss, which motion was denied. From the record now before us, it appears that all but two of the habeas corpus allegations were previously presented to the court in the motion to dismiss. The two additional allegations presented in the habeas corpus are (1) the preliminary examination was adjourned for a period of longer than ten days without the consent of Brown, and (2) denial of due process because he did not obtain a prompt appointment of counsel. *See State ex rel. Klinkiewicz v. Duffy* (1967), 35 Wis. 2d 369, 151 N. W. 2d 63; *Jones v. State* (1967), 37 Wis. 2d 56, 68, 154 N. W. 2d 278, 155 N. W. 2d 571.

The state contends that by bringing the motion to dismiss, Brown submitted to the jurisdiction of the trial court and is thereby precluded from a jurisdictional attack based on the same issues in the instant habeas corpus proceeding. The posture of the case now before this court is such that this contention can not now be considered for the reason that the proceedings before the trial court on the motion to dismiss are not a part of the record on this review. More significantly, an examination of the record of the hearing before the habeas court reveals that because of the manner in which the case was presented to the habeas court, this proposition was not raised, considered or passed upon by the court. Likewise, the habeas court did not consider and pass upon the merits of the allegations raising the question of promptness of appointment of counsel or delay in preliminary examination.

Therefore, we conclude that the insufficiency of the record before us precludes this court from disposing of the habeas corpus proceeding on its merits and it is, therefore, necessary to remand the case for a hearing thereon.

*By the Court.*—Order reversed and cause remanded for a hearing on the merits of the habeas corpus petition.