Johnny STOVER, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and State of Oklahoma, Respondents.

No. A–14983.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Johnny Earl Stover, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Johnny Earl Stover, presently confined in the Oklahoma State Penitentiary, has petitioned this court for a writ of habeas corpus alleging that he is entitled to one hundred fifty one days of jail time served in the county jail prior to the time he was transferred to the penitentiary to serve his present sentence of three concurrent eight year terms from Comanche County, Oklahoma, for the crimes of armed robbery imposed on May 11, 1964, Case Nos. 4401, 4402, 4403. Petitioner alleges that if the

one hundred fifty one days of jail time are allowed as a deduction from his term of imprisonment he would be entitled to release from the penitentiary on August 30, 1968.

Petitioner's prison records reflect that after being sent to the penitentiary at McAlester he was transferred to the State Reformatory at Granite. On July 19, 1965, Petitioner escaped from the Granite Reformatory and was subsequently returned on May 10, 1966. Thereafter, on a plea of guilty Petitioner was sentenced to an additional two year term of imprisonment in the District Court of Kiowa County for the crime of escape, Case No. 2554–C, June 1, 1966. The prison records reflect that Petitioner would be entitled to be released from his Comanche County sentence on January 31, 1969. However, on completion of his sentence from Comanche County Petitioner must serve the two year sentence from Kiowa County.

57 O.S.Supp.1968, § 138, provides in relevant part as follows:

"All inmates serving their first term with a good conduct record and *who have no infraction of the rules and regulations* of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution. Inmates on parole who are returned to the institution as parole violators shall be deprived of any credits earned up to the date of their release on parole. Provided, however, that no convict shall be entitled to deduction for good time as herein provided in the event he has been guilty of misconduct or violation of the prison rules and regulations, unless relieved therefrom by the Warden." (emphasis added)

■ Petitioner does not allege in his petition that his Comanche County sentence is his first term of imprisonment, nor does the State shed any light on this point in its response. However, escape from confinement might well be considered an infraction of the rules and regulations of the penal in-stitution and prevent Petitioner from being considered as having a "good conduct record." Thus the question as to whether or nor Petitioner is entitled to jail time must be left to the sound discretion of the prison officials in the present circumstances.

■ In any event it is apparent that Petitioner's petition for writ of habeas corpus seeking his immediate release must be denied in that Petitioner even if he were awarded jail time would not be entitled to release from the penitentiary due to the fact that he has another sentence to serve. Mayfield v. Page, Okl.Cr.App., 425 P.2d 619. For the foregoing reasons the petition for habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.