BARHAM, Justice
(dissenting).
This is an appeal from a plea of guilty. The defendant had first pleaded not guilty, but on April 30, 1970, just before proceeding to trial, he withdrew his former plea of not guilty and entered a plea of guilty as charged. When he was called for sentencing on June 15, 1970, he and his counsel requested the court’s permission to withdraw the plea of guilty, but the court denied the motion.
The majority contends that defendant has not presented for our consideration the issue of whether his plea should be set aside under the rationale of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and our decision interpreting and applying Boykin, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). In a footnote it is pointed out by the majority that those cases “are *939 not even cited in the brief”, and that the issues presented on those cases “are not involved herein”.
I find that the Boykin question was properly raised, presented by a bill of exceptions, and fully argued before us both by the State and by the defendant. While the defendant’s brief does not mention the Boykin and Jackson cases by name, it does state that “at the time the plea of guilty was accepted, the inquiry made by the Court fell far short of the ‘in depth’ inquiry required by modern practice”. As the majority notes, the State devotes considerable space in its brief in an attempt to meet the Boykin issue. Further, in oral argument before us the defendant, the State, and the members of this court were more concerned with this question than with the alternative question considered in the majority opinion. And finally, contrary to the judge’s per curiam, the record before us shows that the perfected bill of exceptions which we are considering was reserved to the “entire sentencing procedure”; and the entire record, including the transcript of the colloquy which took place during the proceedings, is presented to this court for review. This is the principal legal question raised in this case, and I fail to comprehend how the majority can justify its avoidance of that question. The proper disposition of this issue would require immediate reversal under our most recent jurisprudence since the trial court failed to ascertain, before accepting the plea of guilty, that the defendant understood and waived his constitutional rights.
We recently in State ex rel. Jackson v. Henderson, supra, declared that before a trial court of this state accepts a guilty plea, the defendant must be properly informed of the three constitutional rights which will be waived by his plea, and must intelligently waive them. These rights are (1) his privilege against compulsory self-incrimination, (2) his right to trial by jury, and (3) his right to confront his accusers.' The State has at great length, and ably, argued that we have applied too rigid a rule and has urged us to reconsider our holding in Jackson. I believe, however, that we there set forth the minimum requirements enumerated in Boykin v. Alabama, supra.
It is apparent from the record before us in this case that this defendant waived only his right to trial by jury. Therefore, with the issue squarely presented, we are required to apply Boykin and Jackson and hold that the guilty plea entered by the defendant was unconstitutionally secured, and that his plea and sentence should be set aside.
I am firmly convinced that we should reverse this case upon observing the gross, manifest error under Boykin and Jackson. I believe the majority commits serious error in refusing to strike this obvious con *941 stitutional violation. If a majority of this court recognizes and intends to uphold the Jackson decision, what we do today is a vain thing. Moreover, it is an injustice to the State as well as to the defendant to affirm a conviction in the face of obvious and open reversible error which we must eventually remedy by a reversal in a post-conviction proceeding. Our denial of justice here is a delay of justice, and delay of justice is in itself a denial of justice.
I am of the opinion that the plea and the sentence should be set aside and defendant immediately remanded for rearraignment. I therefore respectfully dissent.