BARHAM, Justice
(dissenting from refusal to grant writs).
The only inquiry addressed to the relator of knowledge and waiver of constitutional rights in entering his guilty plea was as follows: “Do you realize that by entering a plea of guilty, you waive your right to a trial by jury and your right to appeal ?”[1] (Emphasis supplied.) In State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), under a habeas corpus application we set aside a plea of guilty for failure of the trial court to comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and laid down the minimum standard for meeting the Boykin requirements. In reliance upon that holding this court has granted several writ applications involving the same circumstances as presented here. Now, without change in the Constitution or the United States Supreme Court’s interpretation, the majority have allowed a plea to stand when the court did not receive a knowing waiver of the accused’s constitutional rights against compulsory self-incrimination and confrontation of witnesses against him. Under State ex rel. Jackson v. Henderson and Boykin this relator is entitled to have his plea set aside.[2]
Writs were granted in State ex rel. Jackson v. Henderson for the express purpose of allowing this court to consider, with the *595 benefit of brief, argument, and study, the consequences of Boykin v. Alabama and to pronounce a Louisiana rule for guilty pleas which we believed to be in compliance with that holding. We stated that rule succinctly and firmly in a unanimous opinion handed down only two months ago. It appears to be a very dangerous jurisprudential process to contravene, by simple writ denial without written reasons, jurisprudence enounced so recently in unanimity after full and deliberate consideration by this entire court. Vacillation by this court in this area will provoke great difficulties in the trial courts’ disposition of guilty pleas.
I respectfully dissent from the refusal to grant the writ.

. The latter part of this instruction is erroneous since the right to appeal is not in fact waived by pleading guilty. See C.Cr. P. Arts. 912, 934(3), and 871, and State v. Coats, 260 La. 64, 255 So.2d 75.

. Relator makes factual allegations of incompetent counsel under which, if left uncontroverted, he was in fact without counsel of such capacity as to fulfill the requirements of the Sixth Amendment of the United States Constitution and Article 1, Section 9, of the Louisiana Constitution. The writ must be granted on this showing so that an evidentiary hearing can be had as required by Code of Criminal Procedure Article 354, even if the plea be not set aside on the Boykin issue.