FRED W. JONES, Jr., Justice Ad Hoc.*
On June 5, 1980, the defendant was charged by bill of information with operating a motor vehicle while intoxicated, third offense, in violation of La.R.S. 14:98(D). Prior DWI convictions cited and relied upon by the State were dated September 8, 1976 and March 15, 1977. Defendant filed a motion to quash the bill of information, asserting that the two prior convictions were invalid because defendant was not represented by counsel and the trial judge failed to explain the possible collateral consequences of the charges to him.[1] Following a hearing on the motion to quash, the trial judge took the matter under advisement and later sustained the motion, quashing the bill of information, but gave no reasons for his ruling. This court granted the state’s application for review of that ruling.
The issue before this court is whether a misdemeanor conviction, based upon a *1194 guilty plea accepted without a prior “boyk-inization” of the defendant, may be used to convert a later misdemeanor charge into a felony. We hold that it may not.
The U. S. Supreme Court, in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that it was reversible error for a trial judge to accept a defendant’s guilty plea without an affirmative showing that the plea was intelligent and voluntary. This court construed Boy-kin to require an express and knowing waiver of the accused’s right to a jury trial, the right to confront his accusers and the privilege against compulsory self-incrimination. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
This court held, in State v. Lewis, 367 So.2d 1155 (La.1979), that a conviction could not be used to enhance punishment in a multiple-offender proceeding unless the record affirmatively disclosed that the Jackson requirements were met. Also see State v. Martin, 382 So.2d 933 (La.1980).
While prior decisions of this court requiring “boykinization” of the accused as essential to a valid guilty plea involved felony charges the rationale of Lewis has been extended to misdemeanor guilty pleas that may increase the grade of a subsequent offense. In State v. Jones, 404 So.2d 1192 (1981), this court made the following statement:
Accordingly, whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence. See State ex rel. Jackson v. Henderson, supra, 260 La. at 101, 103, 255 So.2d 85.
It is obvious in this case that the defendant was charged with a felony (DWI 3rd) only because of the prior misdemeanor convictions. In Jones, we also announced that the decision would be fully applicable to any case filed and presently pending before this court, as this case is.
The colloquies between the judge and the defendant, before his guilty plea to the prior DWI charges on August 26,1975 [2] and June 20, 1978 [3], as disclosed by the minute entries, simply recite that the defendant was advised of his right to trial and the trial judge was satisfied that defendant was “fully aware of his rights.” They do not affirmatively show that the accused had a full understanding of what the plea connotes and of its consequences as Boykin requires. The record should have shown, at least, that the trial judge advised the defendant of his right to confront his accusers and of his right against self-incrimination, and that the defendant expressly waived those rights. Since the minute entries do not comply with even this limited “boykini-zation,” the guilty pleas to the two prior DWI charges may not be used as the basis for a DWI third offense charge. Consequently, the bill of information was properly quashed.
*1195 The judgment of the district court is affirmed. AFFIRMED.
MARCUS, J., concurs and assigns reasons.
WATSON, J., dissents for reasons assigned dissention’s in State v. Jones, 404 So.2d 1192.
G. WILLIAM SWIFT, Jr., J. Ad Hoc, dissents.

 Judges O. E. Price of the Court of Appeal, Second Circuit, G. William Swift, Jr., of the Court of Appeal, Third Circuit, and Fred W. Jones, Jr., of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., James L. Dennis, and Jack C. Watson.

. The record of the hearing on the motion to quash shows that defense counsel argued that the two prior convictions were invalid because the trial judge failed to “boykinize” the defendant. Therefore, this issue was before the trial judge on the motion to quash. The trial judge assigned no reasons for his ruling on the motion.
In his brief submitted in connection with this writ, the defendant concedes that the defendant was advised of and effectively waived counsel before pleading guilty to the two prior convictions. Consequently, the thrust of his argument is that the trial judge correctly quashed the bill of information because of the lack of “boykinization” in the two predicate proceedings.

. “The defendant being present in open Court and being charged with driving while intoxicated and his right to trial and representation by an attorney having been fully explained to him by the Court, he having signed a waiver of attorney herein, and after reading to him the Bill of Information charging him with unlawfully did operate a motor vehicle on a public highway while under the influence of alcoholic beverages in violation of R.S. 14:98, entered a plea of guilty and the Court being satisfied that the defendant is fully aware of his rights, accepted the plea of guilty and the following sentence was imposed: ...”

. “The defendant being present in open Court and being charged with driving while intoxicated and his right to trial and representation by an attorney having been fully explained to him by the Court, he having signed a waiver of attorney herein, and after reading to him the Bill of Information charging him with unlawfully did operate a motor vehicle while under the influence of alcoholic beverages in violation of R.S. 14:98, this being a second offense, entered a plea of guilty and the Court being satisfied that the defendant is fully aware of his rights, accepted the plea of guilty and the following sentence was imposed: ...”