412 So.2d 1034 (1982)
STATE of Louisiana
v.
Bonnie R. TONEY.
No. 81-KA-2128.
Supreme Court of Louisiana.
April 5, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Walter Lee Perkins, Nancy Gilliland, Asst. Dist. Attys., for plaintiff-appellee.
Ned D. Wright, Monroe, for defendant-appellant.
NESTOR L. CURRAULT, Jr., Justice Pro Tem.[*]
The defendant, Bonnie R. Toney, was charged by bill of information filed January 2, 1979 with felony theft, a violation of R.S. 14:67. After pleading not guilty, a plea bargain agreement was reached with the State and, on December 3, 1980, the initial plea of not guilty was withdrawn and a plea of guilty of attempted theft was entered. On May 7, 1981, the date set for sentencing, the defendant filed an oral motion to withdraw her guilty plea. This motion was denied and the trial judge sentenced the defendant to serve one year in the Ouachita Parish Jail and to pay $200.00 to the Indigent Defender Board. Defendant appeals on two assignments of error. We find merit in the contention that the defendant should have been permitted to withdraw her guilty plea which was based upon an incomplete Boykin waiver. We reverse the conviction and sentence and remand the case to the lower court.
Assignment of Error No. 1
By this assignment defendant urges that the trial judge erred in refusing to allow the defendant to withdraw the plea of guilty under Article 559 of the Louisiana Code of Criminal Procedure, where the defendant *1035 had not been properly advised of her rights at the time of entering the plea.
Code of Criminal Procedure Article 559 provides, in pertinent part, "The court may permit a plea of guilty to be withdrawn at any time before sentence." The record reflects that the motion to withdraw the guilty plea was made timely. Defense counsel urged that the defendant was improperly "boykinized." The trial court, in disposing of the motion, held:
Ms. Toney, whatever your name is, I just went downstairs and checked the minutes of the court. You were boykinized. You were placed on the witness stand and you were boykinized.
The court minutes for December 3, 1980 state:
that the defendant was advised by the court of his absolute right to plead not guilty and have a trial, advised of the charge, advised if he went to trial that he had the right of confrontation, against self-incrimination, compulsory process, and the right to remain silent, advised of right to appeal if he was convicted after a trial [was] held.
However, the following is the sentencing colloquy as reflected by the transcript of the proceedings:
BY THE COURT: And you wish to enter a plea of guilty to attempted theft?
BY MS. TONEY: Yes, sir.
BY THE COURT: Now have you heard me explain all this to these other people?
BY MS. TONEY: To this last person, that's all.
BY THE COURT: Do what?
BY MS. TONEY: Only to this last man.
BY THE COURT: Do you understand what your rights are?
BY MS. TONEY: Yes, I do.
BY THE COURT: If you were charged you were charged with felony theft and the maximum penalty for that, if it was $200.00, is two years in jail or the penitentiary or a fine. Now they've changed the charge to attempted theft, so the maximum penalty has been reduced to a finea maximum of not more than $200.00 or jail for not more than one year or both. Is that clear to you?
BY MS. TONEY: Yes, sir.
BY THE COURT: Have you been promised any particular sentence?
BY MS. TONEY: No.
As can be seen from the above colloquy, the trial judge failed to advise defendant of her right to a jury trial or her privilege against self-incrimination.
According to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), "a constitutionally valid guilty plea requires that the defendant expressly and knowingly waive his right to jury trial, confrontation of witnesses and privilege against self-incrimination. Currently in every Louisiana felony case, the trial judge is required to articulate the three rights described in Boykin...." State v. Cusher, 400 So.2d 601 (La.1981). This court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1975) expounding Boykin held that "in taking a plea of guilty, an express and knowing waiver of at least these three federal constitutional rights must be made, which waiver cannot be presumed." 260 La. 103, 255 So.2d 85.
Most recently, in State v. Jones, 404 So.2d 1192 (La.1981), it has become incumbent upon the trial courts, whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, to inform the defendant that by pleading guilty he waives (a) his privilege against self-incrimination; (b) his right to trial and jury trial where it is applicable; and (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequences. 404 So.2d at 1196. Because the record in the present case does not support a finding that the defendant voluntarily and knowingly waived her constitutional rights, the trial court should have permitted a withdrawal of the guilty plea. Accordingly, the guilty plea is ordered vacated, the *1036 conviction and sentence reversed, and the matter remanded to the district court.
REVERSED AND REMANDED.
WATSON, J., concurs in the result.
NOTES
[*] Judges Nestor L. Currault, Jr. and Fred S. Bowes of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as associate justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.