WICKER, Judge.
This appeal arises from Warren Boney’s conviction of possession of a controlled dangerous substance, Methylphenidate, in violation of La.R.S. 40:967. The conviction was the result of a guilty plea in which Boney reserved his right to appeal the denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). Boney was sentenced to two years without hard labor, suspended and two years active probation with the condition he pay a minimum probationary cost of $10.00, a $500.00 fine and other costs within six months. Boney now appeals. We affirm the conviction and sentence.
On appeal Boney only requests this court to examine the record for errors patent. Although Boney pled pursuant to State v. Crosby, supra, defense counsel did not address this issue on appeal. Accordingly, it is deemed abandoned. Uniform Rules of Courts — Courts of Appeal, Rule 2-12.4.
We have examined the record for errors patent and have found none. In addition, we have examined the transcript of the guilty plea in light of Boykin v. Alabama, *1329 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
In Boykin, supra, the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers. The court then announced its unwillingness to presume waiver of these rights from a silent record. See also State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
A review of the Boykin colloquy reflects that the trial court inquired whether defense counsel had explained to Boney his right against self-incrimination, his right to confront his accusers and his right to trial by jury. The defendant indicated he understood these rights and that by entering a plea he was waiving these.
The trial court further ascertained that Boney’s plea was voluntary and not a result of force, intimidation, coercion, promise or reward. In addition, the record contains a waiver of constitutional rights upon plea of guilty form signed by Boney, defense counsel and the trial judge.
Boney was properly Boykinized prior to the entry of his plea of guilty.
Accordingly, Boney’s conviction and sentence are affirmed.
AFFIRMED.