PER CURIAM.*
Granted. The decision of the Second Circuit is reversed, the defendant’s adjudication and sentence as a third offender for purposes of La.Rev.Stat. ' 15:529.1 A(l)(b)(ii) are reinstated, and this case is remanded to the court of appeal for consideration of the defendant’s remaining assignment of error challenging his third offender life sentence as excessive. Once the state carries its initial burden of proving the existence of the prior guilty pleas and that the defendant was represented by *594 counsel when he entered the pleas, the burden of production shifts to the defendant to show affirmatively “an infringement of his rights or a procedural irregularity in the taking of the plea.” State v. Shelton, 621 So.2d 769, 779 (La.1993) (footnote omitted), This court has stressed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) nor the court’s implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a “magic word formula” which may “serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea....” State v. Bowick, 403 So.2d 673, 675 (La.1981). The transcript of defendant’s May 10, 1994 guilty plea shows that the trial court adequately conveyed to the defendant that he had the right to persist in his not | ^guilty pleas and to stand trial on various charges “[s]ome of them carrying] a six-person jury all of which would have to agree and some of them carry[ing] a 12-person jury a[nd] 10 out of 12 would have to agree.” The court further informed the defendant that “[wjhatever went to trial and jury would be instructed that you’re presumed innocent” and that by “pleading guilty, you’re giving up that presumption of innocence.” In the context of advice with respect to the other trial rights the defendant was waiving, including his right to confront his accusers and his privilege against self-incrimination, we believe the colloquy in its entirety sufficiently apprised the defendant that he was also waiving his right to a jury trial.
JOHNSON, J., dissents from the order and would deny the writ application.

 Knoll, J., not on panel. Rule IV, Part 2, § 3.