NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-897

STATE OF LOUISIANA

VERSUS

JUANE HARRIS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR114939
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

AFFIRMED.

Michael Harson
District Attorney, 15th JDC
Keith A. Stutes, Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Appellee:
State of Louisiana

**Carey J. Ellis  III**
**La. Appellate Project**
**707 Julia St.**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant Appellant:**
**Juane Harris**

**Juane Harris**
**Avoyelles Corr Ctr. C1-B1**
**1630 Prison Rd**
**Cottenport, LA 71327**
**(000) 000-0000**
**Counsel for Defendant Appellant:**
**Juane Harris**

**SAUNDERS, Judge:**

On March 29, 2007, the State filed a bill of information charging Defendant, Juane Harris, with forcible rape, a violation of La.R.S. 14:42.1, and unauthorized entry of an inhabited dwelling, a violation of La.R.S. 14:62.3. On March 18, 2008, Defendant appeared with counsel and entered a "best interest" plea, pursuant to a plea agreement, which included a twenty-five-year sentencing cap.

On June 30, 2008, after referring to a presentence investigation (PSI) report, the trial court sentenced Defendant to twenty-five years at hard labor. On July 7, the trial court granted Defendant's motion for appeal, and appointed the Louisiana Appellate Project (LAP) to represent him. The record was lodged under docket number 08-1072.

Subsequently, appellate counsel filed a motion to withdraw and a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Counsel alleged that he had found no non-frivolous issues to raise for review. Defendant filed a pro se brief assigning two errors, including an argument that the trial court should have ascertained a factual basis for his "best interest" guilty plea.

On April 1, 2009, this court denied appellate counsel's motion to withdraw, and ordered appellate counsel to file a brief addressing the issue of whether a factual basis was necessary to support the plea. Counsel complied, and essentially adopted Defendant's pro se argument.

On June 24, 2009, this court issued an opinion that stated:

> The trial court shall conduct an additional *Boykin* hearing and allow the State [an] opportunity to present other evidence of Defendant's guilt at said hearing to be held within thirty days of the date of this opinion, and the trial court is further ordered to prepare and lodge with this court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once this record is lodged with this court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing.

The trial court held the required hearing on July 20, 2009, and determined that a proper factual basis existed for the plea. A record has now been lodged with this court under a new docket number, 09-897. Defense counsel has not sought review, but Defendant filed a pro se brief assigning one error, that his plea was not voluntary. That error is different from any error assigned previously in Defendant's prior appeal. We find that a factual basis exists to support Defendant's plea.

**FACTS:**

At the hearing below, the State recited the following factual basis:

[T]he State would have proven that on or about November 19, 2006, the defendant kicked in the door to the apartment that the victim, for the purposes of the plea we will initial "N.T.", was visiting along with her eight-month-old child. The defendant yelled for the owner of the apartment who was not there at the time. He then entered the master bedroom where N.T. was laying on the bed with her child.

He asked where the owners of the apartment were. She stated they were not home and the defendant began to search the apartment for drugs and money. He returned to the bedroom and he told N.T., his words, "I want some p_ _ _y." The victim stated that he then approached her and she told him not to do this. He forced her on her back and told her that if she did not allow him to have sex with her, he would kill her and her child, who was on the bed with her at the time. He then pulled her pants and panties down and pulled his pants down and proceeded to have sexual intercourse with N.T. against her will.

At the beginning she attempted to push him off but he trapped her arms against her chest and continued. He told her that he was going to, his words, "Nuts" in her. After he was finished he pulled up his pants and left the apartment.

Two neighbors heard when he kicked in the door and one of them actually heard the screams of the victim N.T. and the crying of the baby during the incident. The neighbor called 911 to report the incident. Both neighbors observed the defendant running out of the apartment after the incident [and] getting into his vehicle. They described him and his clothing.

2

Statements were obtained from the neighbors. The evidence was obtained from the victim. DNA was obtained from the defendant as well, and the Crime Lab reports that the DNA found in the victim is the DNA of the defendant. This occurred here in Lafayette Parish.

## ANALYSIS:

As shown above, the trial court held the hearing ordered by this court, and the State supplied an extensive factual basis for Defendant's plea. Thus, the object of this court's June 24, 2009, order has been fulfilled. However, as noted earlier, Defendant has filed a pro se brief assigning a single error. He now argues that his plea was not voluntary, because he did not know what an "*Alford* plea,"[1] or "best interest" plea was.

We note that it is questionable whether this argument is properly before this court. The order to hold the hearing specifically allowed the parties to raise any issues arising from said hearing. The issue Defendant now raises does not arise from the ordered hearing, but from the original plea. Further, at the July 20, 2009, hearing, Defendant stood mute, and his counsel explicitly agreed that the State had supplied a sufficient factual basis to support the plea. However, we will address the merits of the assignment out of an abundance of caution.

In essence, Defendant argues that he did not understand the nature of his plea when he made it. He states that there was no agreement prior to his plea, that it would be an *Alford* plea, and that he was "having problems pleading guilty to something he was not guilty of, regardless of what [a]ppointed [c]ounsel wanted him to do." Further, he argues that with no prior notice that the plea would be made pursuant to

---

[1]The terms "*Alford* plea" and "best interest" plea are synonymous. *See, e.g., State v. Love*, 00-3347 (La. 5/23/03), 847 So.2d 1198. *See also North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

3

*Alford*, and his explicit claim of innocence, the trial court erred by determining that he was making a "best interest" plea. In addition, Defendant argues that in light of the circumstances, the trial court should have questioned him further at the July 20, 2009, hearing, to ensure that his plea was knowing and intelligent.

Analyzing a previous case, this court stated:

> In *State v. Bouie*, 00-2934, p. 9 (La. 5/14/02)[,] 817 So.2d 48, 53, the Louisiana Supreme Court explained:
>
>> A trial judge has broad discretion in ruling on a defendant's motion to withdraw his guilty plea before sentencing. La.Code Crim.Proc. art. 559. When circumstances indicate that the plea was constitutionally invalid, the trial judge should allow the defendant to withdraw his plea. *State v. Toney*, 412 So.2d 1034, 1035-36. In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court stated that the validity of a guilty plea turns on whether the defendant is informed of the rights he waived and whether his decision to waive his rights by pleading guilty is knowing and voluntary. *See also State v. Jones*, 404 So.2d 1192, 1196 (La.1981); *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (1971).
>
> "On appeal, a trial court's denial of a motion to withdraw a guilty plea will not be reversed if the record clearly shows that the defendant was informed of his rights and of the consequences of his plea, and the plea was entered voluntarily.["] *State v. Grogan*, 00-1800, p. 3 (La.App. 3 Cir. 5/2/01); 786 So.2d 862, 864.

*State v. Guilbeau*, 02-972, p. 7 (La.App. 3 Cir. 2/5/03), 838 So.2d 160, 164, *writ denied*, 03-553 (La. 6/6/03), 848 So.2d 538.

In the present case, Defendant signed a plea form indicating that he was entering a plea of guilty or *nolo contendere* to forcible rape, that he had been advised of his constitutional rights, and that there would be a sentencing cap of twenty-five years. Also, the colloquy of Defendant's plea indicates that he fully intended to submit himself to the effects of a guilty plea, despite his claim of factual innocence:

4

THE COURT: Mr. Juane Harris you are asking me to accept your plea to the charge of forcible rape; is that right?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: Do you understand that if I accept that plea, you will stand convicted of this crime and as a result, you could be sentenced to a term of imprisonment -- this form shows "with or without hard labor," but I'm almost positive it's with hard labor. Let me check.

MR. STUTES: That's correct, Your Honor.

MR. NEUMANN: Yes, sir. It should be at hard labor.

THE COURT: I've got it. I checked it. As a result, you could be sentenced to a term of imprisonment at hard labor for not less than five years nor more than forty years, and at least two years of the sentence imposed must be imposed without benefit of probation, parole, or suspension of sentence. Do you understand that?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: Now, having told you that, as well as everything else I've said to you today, do you still want to plead guilty?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: What happened?

MR. JUANE HARRIS:

A    We had sex and she said it was not consensual but it was consensual.

THE COURT: All right, sir. Are you afraid if you went to trial, you might lose? Is that one of the reasons why you are pleading guilty today?

5

MR. JUANE HARRIS:

A    Not really.

THE COURT: You don't think you'd lose?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: I have to feel like you feel like it's in your best interest to enter this plea. Do you feel like it's in your best interest considering the facts that the State would present and the possible charge against you?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: All right, sir. Under those circumstances I will accept your plea. I find that you made a knowing and intelligent waiver of the rights previously explained to you and that your plea is freely and voluntarily given without [any] threats or inducements whatsoever.

Now, Mr. Juane Harris, it's my understanding that you are also asking me to delay sentencing and have a pre-sentence investigation completed before sentencing. Is that correct?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: This plea form indicates that you and the State of Louisiana have agreed that the sentence of the Court will not exceed 25 years. Is that correct?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: All right. The Court will accept that recommendation and limit your sentence to 25 years as agreed to by the State and the defense. I will order that a pre-sentence investigation be completed. Upon my

6

receiving the report on that, I will then thereafter send notices and there will be a sentencing hearing and you will be sentenced at that time.

Do you have any questions?

MR. JUANE HARRIS:

A    No, sir.

At the sentencing hearing, prior to pronouncement of sentence, Defense counsel commented, while discussing the PSI report, "We understand the seriousness of the offense and that is why he took the plea." Defendant himself made no comments, other than to thank the trial court at the close of the hearing.

We find that the record demonstrates that Defendant's plea was knowing and voluntary. Although he proclaimed his innocence, he also elected to subject himself to a substantial criminal penalty, albeit with a sentencing cap. Therefore, the assignment lacks merit.

Defendant indicates that he had some conflicts with trial counsel regarding the plea. Louisiana Code of Civil Procedure Article 2164, in pertinent part, states, "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Defendant's plea discussions with counsel are outside the current record, and cannot be addressed at this time.

**CONCLUSION:**

The State supplied an extensive factual basis to support Defendant's guilty plea. Thus, it is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules – Courts of Appeal.

7