GASKINS, J.,
concurring in part and dissenting in part.
|,I respectfully concur with the majority’s affirmation of the defendant’s conviction but dissent from the reversal of the defendant’s multiple offender adjudication.
The entry of a guilty plea must be a free and voluntary choice. Further, a defendant wishing to plead guilty must be aware of his Boykin constitutional rights. However, the Louisiana Supreme Court has stressed that Boykin does not compel a “magic word formula” during a plea colloquy for that plea to be voluntary and knowing.
Indeed, in State v. Mendenhall, 2006-1407 (La.12/8/06), 944 So.2d 560, the Louisiana Supreme Court stressed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court’s implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a “magic word formula” which may “serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea....” citing State v. Bowick, 403 So.2d 673, 675 (La.1981).
During the otherwise thorough plea colloquy, the trial judge only mentioned a right to confront “them” but did not specify who he was referring to. This court noted in State v. Anderson, 34,491 (La.App. 2 Cir. 4/4/01), 784 So.2d 749, that, “[i]n common usage, the phrases confront and cross-examine always connote adversarial activities.” Therefore, from the trial judge’s use of the word “confront,” the defendant in the instant case was advised that he was waiving the right to confront, or cross-examine, 12those testifying against him. Though incomplete by itself, this is not a fatal error.
If the plea colloquy between trial judge and defendant was not “perfect” in fully mentioning all three Boykin rights, courts may look to the “expanded record” to determine whether a voluntary waiver occurred. See State v. Dunn, 390 So.2d 525, (La.1980), State v. Lawson, 410 So.2d 1101 (La.1982). In State v. Cusher, 400 So.2d 601 (La.1981), the Louisiana Supreme Court used the entire record to determine that the defendant’s guilty plea was intelligent and voluntary despite the fact that during the plea colloquy, the trial judge *1002 failed to mention the right to confront accusers and no express mention of that right was found in the record.
The expanded record shows that the defendant was represented by competent counsel. He indicated he had discussed the guilty plea with his attorney. He also explicitly responded that his plea was free and voluntary. Though the plea colloquy only mentioned a right to confront “them,” Russell did not say he misunderstood, or express any confusion about his rights or who “them” referred to. Russell never attempted to withdraw the plea. Russell had also pled guilty to other offenses twice in recent years and had been fully advised of his Boykin rights both times. Finally, immediately after Russell’s plea, his code-fendant Williams pled guilty to the exact same offense and was given a “perfect” advisal of the Boykin rights. As in State v. Cusher, based on the totality of the expanded record, it was reasonable for the district court to conclude that Russell entered the plea intelligently and with knowledge of the consequences.
| ^.Therefore, I would affirm the conviction and multiple offender sentence.