JOHNSON, C.J.,
dissents in part and assigns reasons.
|J respectfully dissent' from that portion of the majority’s' opinion denying defendant’s application relative to the remaining convictions and sentences for four counts of forcible rape. In my view, defendant has asserted a valid argument for ineffective assistance of counsel relative to the stipulation of guilt entered by his counsel at trial.
At trial, the State offered a stipulation that the defendant committed the acts as alleged in the bill of information, introducing videotaped interviews of the victims as a factual basis in support of the stipulation. Noting his review of the videotapes, defense counsel informed the trial court that he would enter into the stipulation based on his understanding that, if called at' trial, the witnesses would testify in accordance with their statements. Thus, under these factual circumstances, it is clear the stipulation was in actuality- a plea of guilt, entitling defendant to the constitutional protections provided in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). I find it noteworthy that defense counsel’s stipulation went beyond simply stipulating to the witnesses’ testimony. Defense counsel actually conceded defendant committed the acts. Compare State v. Hall, 47,564 (La.App. 2 Cir. 12/12/12), 108 So.3d 188, 195-96 and State v. Harris, 470 So.2d 601, 603 (La. App. 1st Cir. 1985), unit denied, 477 So.2d 1123 (La. 1985).
Before a plea of guilty can be accepted, the trial court must determine that the accused has a full understanding of what the plea connotes and its consequences, specifically that the defendant understands the nature of the charges, his right to .a jury trial, the acts sufficient to constitute the offense for which he is charged and the *319 range of possible sentences. Boykin, supra; State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). As the Supreme Court noted in Boykin, “a plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.” 395 U.S. at 242, 89 S.Ct. 1709.
The record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set out a two-pronged test for proof of ineffective assistance of counsel: the defendant must show that his attorney’s performance was deficient and that the deficiency, prejudiced him so that the outcome would have been different absent counsel’s ineffectiveness. An error -is considered prejudicial if it was so serious as to deprive the defendant of a fair trial .or “a trial whose result is reliable.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Evaluated under these standards, I would find the actions of defense counsel in entering the stipulation of guilt, without ensuring defendant received the constitutional protections to which he was entitled under Boykin, were deficient and the defendant was prejudiced by his actions. Thus, I would vacate defendant’s remaining four convictions.