685 A.2d 485

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JERRY BLACK, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 4, 1996—Decided November 27, 1996.

454

Before Judges LANDAU, WALLACE and KIMMELMAN.

*Susan L. Reisner*, Public Defender, attorney for appellant *(Barbara A. Hedeen*, Assistant Deputy Public Defender, of counsel and on the letter-brief).

*Peter Verniero*, Attorney General, attorney for respondent *(Paul H. Heinzel*, Deputy Attorney General, of counsel and on the letter-brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Defendant Jerry Black was convicted in 1991 on counts of distribution and conspiracy to distribute a controlled dangerous substance (CDS). Sentenced to a three year custodial term, he was paroled on July 12, 1992. On October 15, 1992 he was classified as an absconder for failure to report, and a parole warrant issued.

On February 11, 1993, defendant was indicted for absconding from parole, a third degree crime under *N.J.S.A.* 2C:29–5b. He was returned to custody on June 16, 1995.

Defendant's parole was revoked by the Parole Board in August, 1995 and he was ordered to serve his adjusted maximum sentence. Defendant's max-out date was May 18, 1996.

On August 16, 1995, defendant pled guilty to the absconding charge pursuant to a plea negotiation in which the State agreed to recommend a three year term of incarceration concurrent to the CDS sentence being served. He was sentenced in accordance with that recommendation, and appealed.

Defendant's appeal was first placed on the sentencing calendar, *see R.* 2:9–11, but deferred pending full briefing by the parties. On appeal, it is argued that:

POINT I PROSECUTION OF DEFENDANT FOR THE *CRIME* OF AB-
SCONDING FROM PAROLE, *N.J.S.A.* 2C:29–5b, WAS BARRED BY
DOUBLE–JEOPARDY AND FUNDAMENTAL–FAIRNESS DOC-

TRINES ONCE THE DEFENDANT RECEIVED AN ADDITIONAL 337 DAYS IN PRISON FOR THE VERY SAME VIOLATION OF PAROLE. (Partially raised below).

POINT II DEFENDANT IS ENTITLED TO ADDITIONAL JAIL CREDIT.

We deem both contentions to be without merit, *R.* 2:11-3(e)(2), and affirm.

 Defendant's argument that he is being punished twice for the same offense is misplaced. The Double Jeopardy Clause protects against reprosecution for the same offense after conviction or acquittal, and against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 *U.S.* 711, 717, 89 *S.Ct.* 2072, 2076, 23 *L.Ed.*2d 656, 665 (1969). Article one, paragraph eleven (Art. I, ¶ 11) of the *N.J. Constitution* is deemed coextensive with the federal double jeopardy provision. *State v. Koedatich,* 118 *N.J.* 513, 518, 572 *A.*2d 622 (1990).

Defendant has not been twice punished for the same offense. Under the present legislative scheme, *N.J.S.A.* 2C:43-9 places the issues of release, recommitment, and reparole after revocation of parole within the scope of the Parole Act of 1979 (*N.J.S.A.* 30:4-123.45 to -123.69.) The Parole Board is generally charged thereunder with determining whether a defendant is likely to commit a further crime if released. *N.J.S.A.* 30:4-123.53a. If a defendant is released on parole and subsequently is recommitted upon revocation of parole, the duration of further imprisonment or recommitment under the same sentence is fixed by the Parole Board, not the courts. *See* 33A Gerald D. Miller, *N.J. Pract. Crim. Law* § 712 (2d ed.1990 and supp.1996).

Thus, the Parole Board's action here was merely an exercise of its continuous duties during the three year term of defendant's CDS sentence as required by the Parole Act. The Board's function is not to impose punishment, but to carry out administratively the objectives of parole in accordance with the Parole Act. Indeed, the Criminal Code's strict sentencing provisions are designed with the presumption that "the punitive aspects of the inmate's sentence will be satisfied" upon the original parole eligibility date, *see N.J. Parole Bd. v. Byrne,* 93 *N.J.* 192, 205, 460 *A.*2d 103 (1983), subject

to the Board's judgment as to recidivism, which may take into account a demonstrated failure to abide by the terms of parole release. *See Morrissey v. Brewer*, 408 *U.S.* 471, 479, 92 *S.Ct.* 2593, 2599, 33 *L.Ed.*2d 484, 493 (1972).

In short, revocation of parole is remedial, not punitive, and does not constitute "punishment" for double jeopardy purposes. A parole revocation action is an administrative proceeding to determine whether the parolee has violated conditions of parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law. Criminal prosecution is a judicial proceeding that vindicates the community's interests in punishing criminal conduct. *U.S. v. Hanahan*, 798 *F.*2d 187, 189 (7th Cir.1986); *Standlee v. Rhay*, 557 *F.*2d 1303 (9th Cir.1977); *U.S. ex rel. Carrasquillo v. Thomas*, 527 *F.Supp.* 1105, 1110 (S.D.N.Y. 1981), *aff'd.* 677 *F.*2d 225 (2nd Cir.1982). *See State v. Hatterer*, 75 *N.J.Super.* 400, 183 *A.*2d 424 (App.Div.1962)(holding that a separate prosecution for escape following prison discipline, was not a double jeopardy violation); *N.J. State Parole Bd. v. Mannson*, 220 *N.J.Super.* 566, 572, 533 *A.*2d 58 (App.Div.1987)(double jeopardy clause does not apply to parole revocation proceedings); *see also, Atkinson v. Parsekian*, 37 *N.J.* 143, 179 *A.*2d 732 (1962)(legislature has constitutional power to impose both criminal and administrative sanctions regarding same act or omission); *State v. Darby*, 246 *N.J.Super.* 432, 587 *A.*2d 1309 (App.Div.), *certif. denied*, 126 *N.J.* 342, 598 *A.*2d 898 (1991)(defendant may be subject to both criminal prosecution and civil sanctions unless latter sanctions are solely punitive).

The Legislature has determined that, like escape from official detention, absconding from parole supervision, i.e., hiding or leaving the State with a purpose of avoiding supervision, should be deterred and punished as a separate crime. *N.J.S.A.* 2C:29–5b. In doing so, it was undoubtedly aware of the provision in the same Criminal Code that

When a defendant is sentenced to imprisonment for an offense committed while on parole in this State, such term of imprisonment and any period of reimprisonment

that the parole board may require the defendant to serve upon the revocation of his parole shall run consecutively unless the court orders these sentences to run concurrently.

[*N.J.S.A.* 2C:44–5c.]

In the present case, the sentencing judge was willing to go along with the bargained-for-recommendation. Defendant was sentenced to a minimum three year term, which was to run concurrently with the unexpired term of the first sentence being served upon revocation of parole. The entirely separate elements of defendant's violation of *N.J.S.A.* 2C:29–5b were made out by factual basis given during his *retraxit* guilty plea proceedings. The judge sentenced defendant under *N.J.S.A.* 2C:29–5b, as punishment for the conduct made criminal by that statute. As to the revocation of parole, it did not extend defendant's original sentence, it simply altered the conditions under which it must be served. *U.S. v. Brown,* 59 *F.*3d 102, 104–05 (9th Cir.1995).

■ Defendant is not entitled to jail credits against his absconding sentence for time served after his apprehension on the parole warrant until conviction on the absconding charge. *R.* 3:21–8 applies only to confinement directly attributable to the offense giving rise to the initial incarceration. *State v. Hill,* 208 *N.J.Super.* 492, 495, 506 *A.*2d 373 (App.Div.), *certif. denied,* 104 *N.J.* 412, 517 *A.*2d 411 (1986). Defendant's return to custody arose under the parole warrant issued in order that the sentence under the drug distribution conviction might be carried out. Defendant has received credit for the time served against the unserved portion of CDS conviction and no further credit is warranted.

The judgment of conviction under review is affirmed.