SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**State of New Jersey v. Darvel Rawls** (A-18-13) (072388)

**Argued April 1, 2014 -- Decided September 15, 2014**

**FERNANDEZ-VINA, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a defendant who is released on bail on one indictment, but subsequently incarcerated on a later indictment, is entitled to jail credit against the former indictment under Rule 3:21-8.

On August 8, 2010, a state trooper stopped defendant for speeding. As defendant pulled over, the trooper observed items being thrown out of the passenger side window. The trooper retrieved a plastic bag from the right lane containing 146 packets of heroin and another small bag containing a white powder. The trooper arrested defendant and his passenger. A Union County Grand Jury subsequently indicted defendant on multiple narcotics offenses. Defendant made bail and remained free until October 17, 2010, when he was arrested in Ocean County on unrelated drug charges. Because defendant did not make bail on the new charges, he remained incarcerated in Ocean County.

On March 21, 2011, 155 days after his Ocean County arrest, defendant entered a guilty plea to one of the Union County offenses and, on that same day, the Union County trial court revoked his bail. In exchange for defendant's guilty plea, the State dropped the remaining charges and recommended that the court sentence defendant to a six-year extended term of incarceration as a repeat drug offender with a thirty-month parole disqualifier. At his subsequent sentencing hearing, defendant received fifty-three days of jail credit. This total included eleven days between defendant's Union County arrest and release on bail, and forty-two days between the date defendant was originally scheduled for sentencing and the actual date of sentencing.

Defendant subsequently sought jail credit for the 155 days he was incarcerated between his Ocean County arrest and his plea hearing when his bail was revoked in Union County. The court acknowledged that defendant was entitled to the eleven days of jail credit that he had received for the time period from his Union County arrest until his release on bail, and ruled that defendant was entitled to 130 days of jail credit for the time between the date he entered his guilty plea until his original sentencing date. However, the court denied defendant's motion seeking 155 days of additional jail credit concluding that the facts were distinguishable from those present in State v. Hernandez, 208 N.J. 24 (2011) because neither of the defendants in Hernandez had made bail, whereas defendant had made bail in Union County. Moreover, the judge rejected defendant's reliance on footnote twenty of the Hernandez opinion, describing that part of the opinion as dicta.

Defendant appealed, arguing that the court erred in denying his motion for jail credit. On appeal, the Appellate Division affirmed the trial court order denying defendant's motion. This Court granted certification. 216 N.J. 6 (2013). This Court also granted the motion of the Attorney General for leave to appear as amicus curiae.

**HELD**: A defendant who is released on bail on one indictment, but subsequently incarcerated on a later indictment, is entitled to receive jail credit against the former indictment under Rule 3:21-8 and State v. Hernandez, 208 N.J. 24 (2011).

1. Rule 3:21-8 mandates that all defendants receive jail credit, or pre-sentence credit on the term of a custodial sentence, for any time served in jail or in a state hospital between arrest and the imposition of that sentence. Jail credit, applied to the front end of a defendant's sentence, reduces the overall length of a defendant's sentence and prevents the double punishment that would result if the time spent in custody before sentencing did not count toward the sentence. (pp. 9-10)

1

2.  Prior to the <u>Hernandez</u> decision, New Jersey's courts interpreted <u>Rule</u> 3:21-8 as allowing jail credit only for confinement that was "directly attributable" to the underlying offense.  Therefore, if a defendant was detained pre-sentence for multiple offenses, he or she would only be entitled to jail credit toward one of them.  Since <u>Hernandez</u>, however, <u>Rule</u> 3:21-8 requires that a defendant receive jail credit on each case, even though the charges are not directly responsible for his or her incarceration.  (pp. 11-12)

3. <u>Hernandez</u> encompassed appeals from two consolidated cases.  In each case, the defendant had been charged with crimes in multiple counties.  Each defendant was awarded some jail credit, but both defendants argued that the credit had been applied incorrectly and did not have the appropriate effect on the overall length of their sentences.  In evaluating their claims, this Court rejected the idea that jail credit should depend on immaterial factors such as whether charges are consolidated in a single indictment, the order in which multiple indictments are tried, or, significantly, whether bail is revoked.  Moreover, in footnote twenty of the opinion, the Court posited that under the "directly attributable" approach, if the charges to which jail credits are applied happen to be the charges that are dismissed as part of a plea agreement, then the defendant would not receive any credit for the time he spent in pre-sentence custody. (pp. 12-15)

4. The case here is directly within the purview of <u>Hernandez</u>, in which the Court held that the issue of jail credit cannot turn on issues such as whether the judge, prosecutor, bail unit, or defendant moved to revoke bail on the first matter after the defendant was arrested on the second or subsequent charge.  Although the underlying facts of the instant case differ from the facts presented in <u>Hernandez</u>, that case was not limited its facts.   Footnote twenty of the <u>Hernandez</u> opinion is not dicta. It instructively set forth a hypothetical situation where a defendant posts bail on earlier cases, but is unable to post bail on an additional case.  In any event, the Court reminds appellate and trial courts that they must consider themselves bound by its pronouncements, whether classified as dicta or not.  (pp. 16-17)

The judgment of the Appellate Division is **REVERSED.**  The matter is **REMANDED** to the trial court for the application of 155 days of additional jail credit.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA,  ALBIN, and PATTERSON; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in JUSTICE FERNANDEZ-VINA's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

DARYEL RAWLS,

    Defendant-Appellant.


        Argued April 1, 2014 – Decided September 15, 2014

        On certification to the Superior Court, Appellate Division.

        Brian F. Plunkett, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).

        Sara B. Liebman, Assistant Prosecutor, argued the cause for respondent (Grace H. Park, Acting Union County Prosecutor, attorney).

        Carol M. Henderson, Assistant Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (John J. Hoffman, Acting Attorney General, attorney).


    JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.

    The issue on appeal is whether a defendant who is released on bail on one indictment, but subsequently incarcerated on a later indictment, is entitled to jail credit against the former

indictment under Rule 3:21-8 (Credit for Confinement Pending Sentence).

Defendant Daryel Rawls was indicted on drug-related charges in Union County, made bail, but was later arrested for unrelated offenses in Ocean County. Defendant spent 155 days in Ocean County custody before he pled guilty to his Union County charges and his bail was formally revoked. The trial court denied defendant's motion to receive jail credit for this period toward his Union County sentence. The Appellate Division affirmed.

For the reasons set forth in this opinion, we hold that a direct application of State v. Hernandez, 208 N.J. 24 (2011), mandates that defendant receive a 155-day jail credit toward his Union County sentence. Accordingly, we reverse the judgment of the Appellate Division and remand to the trial court to apply 155 days of additional jail credit.

I.

On August 8, 2010, a vehicle driven by defendant was pulled over by a New Jersey State Police Trooper for speeding. As defendant was pulling over, the trooper observed items being thrown out of the passenger side window. The trooper retrieved a plastic bag from the right lane containing 146 folds of heroin and another small bag containing a white powder. He then arrested defendant and his passenger, Terrance Bryant. After obtaining a search warrant, the trooper found a partially smoked

2

marijuana cigar and two open containers of vodka inside the vehicle.

A Union County Grand Jury indicted defendant and his passenger on third-degree possession of a controlled dangerous substance (CDS), contrary to N.J.S.A. 2C:35-10(a)(1); third-degree possession of CDS with intent to distribute, contrary to N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and fourth-degree hindering apprehension or prosecution, contrary to N.J.S.A. 2C:29-3(b)(1).

Defendant made bail on the Union County charges on August 18, 2010. He remained free until October 17, 2010 when he was arrested in Ocean County on unrelated drug charges, which he allegedly committed while released on bail. At the time of defendant's arrest, his Union County bail was not revoked.

Defendant was charged in Ocean County with second-degree conspiracy to manufacture, distribute, or dispense drugs, contrary to N.J.S.A. 2C:5-2, 2C:35-5(a)(1); first-degree leader of narcotics trafficking network, contrary to N.J.S.A. 2C:35-3; and two counts of second-degree manufacturing, distributing or dispensing heroin/cocaine, contrary to N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:35-5(b)(2). Because defendant did not make bail on those new charges, he remained incarcerated in Ocean County.

Subsequently, on March 21, 2011, 155 days after his Ocean County arrest, defendant pled guilty in Union County to third-

3

degree possession of CDS with intent to distribute. On that same day, the trial court formally revoked defendant's bail.

In exchange for defendant's guilty plea, the State dropped the remaining charges and recommended that the court sentence defendant to a six-year extended term of incarceration as a repeat drug offender with a thirty-month parole disqualifier. The sentence was to run concurrently with any sentence imposed for violation of the parole he was then serving. Defendant was sentenced on September 9, 2011, according to the terms of his plea agreement. At sentencing, defendant received fifty-three days of jail credit. This total included eleven days between defendant's Union County arrest and release on bail, and forty-two days between the date defendant was originally scheduled for sentencing and the actual date of sentencing.

Following his sentencing, defendant filed a motion for additional jail credits for the time he had spent incarcerated in the Ocean County jail. He sought jail credit for the 155 days he was incarcerated between his October 17, 2010 Ocean County arrest and his March 21, 2011 plea hearing when his bail was revoked in Union County.[1]

---

[1] In the same motion, Rawls requested that the court fix a clerical error. The court had originally scheduled his sentencing for July 29, 2011, and awarded jail credit through July 28th. When the court postponed sentencing until September 9th, however, it did not adjust Rawl's jail credits accordingly.

4

The sentencing judge acknowledged that defendant was entitled to the eleven days of jail credit that he had received for the time period from his August 8, 2010 Union County arrest to his August 18, 2010 release on bail. He then ruled that defendant was entitled to 130 days of jail credit, beginning on March 21, 2011, when defendant entered his guilty plea and his bail was revoked on the Union County charges, until July 28, 2011, defendant's original sentencing date.

However, the sentencing judge denied defendant's motion seeking 155 days of additional jail credit. He determined that the facts were distinguishable from the facts present in Hernandez because neither of the defendants in Hernandez had made bail, whereas the defendant in this case had made bail in Union County. Moreover, regarding footnote twenty of Hernandez, supra, 208 N.J. at 48 n.20, the judge rejected defendant's reliance on it and described it as dicta.[2]

---

The court granted this part of the motion, and found that the failure to consider the scheduling change was an oversight.

[2] Footnote twenty of Hernandez, supra:

> Under the State's interpretation of the rule, and one which flows from the principle that a defendant should receive credits only against a sentence for which the incarceration was "directly attributable," assume a defendant like Rose is "bailed out" or released on the first arrest after two days, and the second after [ten] days, and then is arrested again and remains in custody for six months before disposition by

5

Defendant appealed, because he only challenged the denial of jail credits as part of his sentence, it was heard on March 6, 2013, as part of the Excessive Sentence Oral Argument (ESOA) calendar before a panel of two Appellate Division judges. On the same day, the Appellate Division issued its order, and directed as follows:

> Having considered the record and argument of counsel, and it appearing that the issues on appeal relate solely to the sentence imposed, we affirm the order denying defendant's motion for additional jail credits for the period of time between October 17, 2010 and March 21, 2011.

This Court granted defendant's petition for certification. 216 N.J. 6 (2013). We thereafter granted leave to the Attorney General to appear as amicus curiae.

## II.

Defendant argues that the trial court improperly denied him 155 days of jail credit. He emphasizes that under Hernandez, this Court held that defendants who could not post bail should serve the same amount of time as defendants who are able to post bail. Defendant further asserts that the Hernandez Court made clear that the total amount of time a defendant is required to

---

> plea. If he pleads to the first crime and the others are dismissed, he would be entitled to two days credit if bail is not revoked, notwithstanding negotiations to dispose of all charges.
>
> [208 N.J. at 49 n.20.]

6

serve should not depend on irrelevant concerns or happenstance, such as whether a defendant has charges contained in a single indictment or several, or whether or not he moves to revoke bail. Defendant maintains that Rule 3:21-8, as interpreted by Hernandez, supra, requires that a defendant receive jail credit even towards charges that are not directly attributable to his or her incarceration.

Petitioner contends that the trial court denied his motion for jail credit on the ground that he had posted bail on the Union County charges, which were unrelated to the Ocean County charges. Therefore, according to defendant, the trial court applied jail credit on a directly attributable basis, which is the approach specifically invalidated by Hernandez.

Defendant points to footnote twenty of Hernandez, where the Court addressed in a hypothetical situation facts nearly identical to the instant case. There, the defendant posted bail on earlier charges, but not later charges. In that footnote, the Court stated that the defendant would be entitled to jail credit toward both sets of charges. Here, defendant argues that the trial court was bound by all of this Court's pronouncements, whether classified as dicta or not.

The State argues that the trial court properly applied Hernandez. The State maintains that the facts and circumstances surrounding defendant's pre-sentence incarceration were

7

distinguishable from those of the Hernandez defendants.  In the instant case, defendant was released on bail on his Union County charges before the police arrested him again for new offenses that he committed in Ocean County while on bail.  The State emphasizes that, by contrast, the Hernandez defendants were continuously incarcerated from the date of their initial arrest until they were sentenced.  The State further submits that footnote twenty of Hernandez is nothing more than an attempt by the majority to illustrate their overall reasoning that jail credits must be awarded uniformly, and is not meant to be binding on the facts in this case.

The State maintains that the position taken by defendant rewards those who commit multiple offenses and violate the terms of their bail.  The State urges this Court to "clarify" Hernandez, supra, by holding that where a defendant is released on bail and then commits a separate and new offense, for which he is incarcerated, he is only entitled to jail credit for time in custody during the second incarceration on the new offense.

The Attorney General, appearing as amicus curiae, supports the arguments advanced by defendant.  The Attorney General asserts that defendant should receive 155 more days of jail credit.  The Attorney General argues that a literal reading of Rule 3:21-8 militates toward such a ruling.  In particular, the Attorney General submits that jail credit cannot be contingent

8

on whether bail is revoked on the pending charges. Rather, a defendant is entitled to jail credit on each charged offense until the first sentence is imposed. Furthermore, the Attorney General asserts that it does not matter to an incarcerated defendant that he or she may have posted bail on a previous charge. The Attorney General maintains that to deny credit for this period of incarceration simply because bail was not administratively revoked is contrary to Hernandez.

## III.

Rule 3:21-8 states that, "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." This credit for pre-sentence custody is commonly called "jail credits." Hernandez, supra, 208 N.J. at 36 (citing Richardson v. Nickolopoulos, 110 N.J. 241, 242 (1988)). "When the Rule preconditions for the application of jail credits are satisfied, the award of such credits is mandatory, not discretionary." Id. at 37 (citing State v. Hemphill, 391 N.J. Super. 67, 70 (App. Div.), certif. denied, 192 N.J. 68 (2007)).

Jail credits are "day-for-day credits." Ibid. (citing Buncie v. Dep't of Corr., 382 N.J. Super. 214, 217 (App. Div. 2005), certif. denied, 186 N.J. 606 (2006)). They are applied to the "front end" of a defendant's sentence. Ibid. (citing

Booker v. N.J. State Parole Bd., 136 N.J. 257, 263 (1994)). Accordingly, jail credit reduces both the defendant's overall sentence and any term of parole ineligibility by one day. Ibid. (citing State v. Mastapeter, 290 N.J. Super. 56, 64 (App. Div.), certif. denied, 146 N.J. 569 (1996)); see also State v. Rippy, 431 N.J. Super. 338, 348 (App. Div. 2013) ("Jail credits are applied to the 'front end' of a sentence and reduce a parole ineligibility term that is part of a sentence.") (citing Hernandez, supra, 208 N.J. at 37), certif. denied, 217 N.J. 284 (2014).

Jail credits also serve important policy goals. "Jail credits were conceived as a matter of equal protection or fundamental fairness[.]" Hernandez, supra, 208 N.J. at 36 (citing Richardson, supra, 110 N.J. at 250 n.2). Without jail credit, a defendant would serve "double punishment" because the time spent in custody before sentencing would not count toward the sentence. Ibid. (citation omitted). In addition, wealthy defendants who could post bail would serve less total time than poor defendants who could not post bail and remained in pre-sentence custody.

IV.

Before Hernandez, supra, New Jersey courts interpreted Rule 3:21-8 "to allow jail credits only for 'such confinement as is attributable to the arrest or other detention resulting

10

from the particular offense.'" Id. at 36 (quoting State v. Black, 153 N.J. 438, 456 (1998) (internal quotations and citation omitted)).

In other words, if a defendant were detained pre-sentence for multiple offenses, he or she would only be entitled to jail credit toward one of them, namely, the offense to which his or her incarceration was "directly attributable." See, e.g., Carreker, supra, 172 N.J. at 115 ("Generally [jail credit] applies to confinement attributable to the offense that gave rise to the sentence."); Black, supra, 153 N.J. at 456-57 ("New Jersey courts have adopted a negative view of [giving an inmate jail credit against more than one sentence]."); Hemphill, supra, 391 N.J. Super. at 70 ("The credit is only permissible for a period of incarceration attributable to the crime for which the sentence is imposed."); State v. Hill, 208 N.J. Super. 492, 495 (App. Div.) ("[Rule 3:21-8] only applies to confinement directly attributable to the particular offense giving rise to the initial incarceration."), certif. denied, 104 N.J. 412 (1986). Pre-Hernandez courts held, however, that judges could award jail credit toward more than one sentence in the interests of "fairness, justice, and fair dealings." Hernandez, supra, 208 N.J. at 37 (citing Hemphill, supra, 391 N.J. Super. at 70).

The Hernandez Court held that a defendant is entitled to "credits against all sentences 'for any time served in custody

11

in jail or in a state hospital between arrest and the imposition of sentence' on each case." Id. at 28 (emphasis added) (quoting R. 3:21-8). Therefore, as interpreted by Hernandez, Rule 3:21-8 requires that a defendant receive jail credit even though the charges are not directly responsible for his or her incarceration.

V.

A.

Hernandez encompassed two consolidated cases. In the first, the defendant, Andrea Hernandez, committed several armed robberies in Passaic County. Id. at 28-29. She was arrested and charged on October 25, 2006. Id. at 29 n.1. On January 23, 2007, while Hernandez was incarcerated awaiting disposition of the Passaic County charges, Ocean County authorities charged her with burglary based on an earlier, unrelated incident. Id. at 29. Hernandez pled guilty to the Ocean County charges. Ibid. On August 24, 2007, the Ocean County trial court sentenced her to three years' incarceration, to run concurrently to any Passaic County sentence she might receive. Ibid. The court awarded 213 days of jail credit for time served from January 23 to August 23, 2007. Ibid.

On October 4, 2007, Hernandez pled guilty to the Passaic County charges. Id. at 30. The Passaic County trial court imposed an aggregate twenty-year sentence subject to the No

12

Early Release Act (NERA).  Ibid.  It awarded ninety days of jail credit from Hernandez's October 25, 2006, Passaic County arrest to January 22, 2007, the day she was moved to the Ocean County jail and the day before she was charged in Ocean County.  Ibid.  The court also awarded 161 days of gap-time credit from her August 24, 2007, Ocean County sentencing to January 31, 2008, the day before her Passaic County sentencing.  Ibid.  The court denied Hernandez's request to receive jail credit toward her Passaic County sentence from the date of her Ocean County "arrest" to her Ocean County sentencing.  Ibid.

In the second case, defendant Derrick Wayne Rose committed multiple offenses in Union County.  Id. at 31.  He allegedly sold cocaine and heroin to undercover police officers on May 4, 2006, and on August 14, 2006, he allegedly sold crack cocaine to another undercover police officer.  Ibid.  Rose was not arrested at the time.  Ibid.  On January 26, 2007, the defendant was arrested for committing a theft.  Ibid.

Rose entered into a plea agreement to resolve all of the charges.  Id. at 32.  On January 18, 2008, pursuant to the agreement's terms, the trial court imposed two concurrent five-year sentences subject to three years of parole ineligibility on the drug charges and a consecutive four-year sentence on the theft charge.  Ibid.  The court did not award any jail credit

for the two drug offenses,[3] but awarded 357 days of jail credit for the theft offenses, from Rose's January 26, 2007, arrest to January 17, 2008, the day before sentencing.  Id. at 33.

In the Appellate Division, Hernandez noted that the trial court had applied jail credit for time served from her Ocean County sentence that was not subject to NERA, but not toward her twenty-year Passaic County sentence that was subject to NERA. Id. at 33-34.  As a result, the jail credit had no effect on the amount of time she would serve in prison.  Ibid.

Similarly, Rose noted that the trial court had applied all of his jail credit toward his four-year theft sentence instead of his five-year drug sentence that was subject to a three-year parole disqualifier.  Id. at 35.  Rose argued that drug-treatment programs are often contingent on the availability of parole, so the court's allocation of jail credit would harm his eligibility for those programs.  Ibid.  He also argued that after he served his three-year period of parole ineligibility, he would be eligible for parole on the four-year sentence with or without jail credit.  Ibid.  As a result, the jail credit had no effect on the amount of time he would actually serve.  Ibid.

B.

_____

[3] The Court noted that Rose was actually awarded one day of jail credit for his May 4, 2007, offense.  This was apparently a mistake, because the judgment reflected an "arrest" on that date that never occurred.  Hernandez, supra, 208 N.J. at 33.

14

This Court's decision in Hernandez rejected the idea that jail credit should depend on immaterial factors like whether charges are consolidated in a single indictment, the order in which multiple indictments are tried, or, significantly, whether bail is revoked.  Id. at 47-48.  It also clarified that because jail credit has always applied toward the aggregate sentence of an indictment, Hernandez "essentially impacts only cases involving defendants sentenced to custodial terms on multiple indictments."  Id. at 48 n.19.  In addition, in footnote twenty of its opinion, the Court posited the following hypothetical:

> Under the State's interpretation of the rule, and one which flows from the principle that a defendant should receive credits only against a sentence for which the incarceration was "directly attributable," assume a defendant like Rose is "bailed out" or released on the first arrest after two days, and the second after [ten] days, and then is arrested again and remains in custody for six months before disposition by plea.  If he pleads to the first crime and the others are dismissed, he would be entitled to two days credit if bail is not revoked, notwithstanding negotiations to dispose of all charges.
>
> [Id. at 48 n.20.]

In other words, under the "directly attributable" approach, if the charges to which jail credits are applied happen to be the charges that are dismissed as part of a plea agreement, then the defendant would not receive any credit for the time he spent in pre-sentence custody.

15

VI.

Here, defendant made bail on his Union County charges on August 18, 2010. He was free until October 17, 2010, when he was arrested in Ocean County on unrelated drug charges. Defendant did not make bail on his Ocean County charges, and therefore, remained incarcerated in Ocean County. On March 21, 2011, 155 days after his Ocean County arrest, defendant pled guilty to the Union County charges and on that same day, his bail was revoked.

Contrary to the State's assertion that Hernandez must be clarified, this case falls directly under its purview. This Court explicitly declared that "[t]he issue of credits simply cannot turn on such happenstance." Id. at 48. We also expressly included the revocation of bail as an example of happenstance, stating that jail credit could not "depend on whether the judge, prosecutor, bail unit, or even the defendant moved to revoke bail on the first matter after the defendant was arrested on the second or subsequent charge." Id. at 44. Although the underlying facts of the instant case differ from the Hernandez defendants, we did not limit the Hernandez decision to its facts. Rather, our holding in Hernandez, supra, encompasses the instant case and does not distinguish based on bail status.

16

Footnote twenty of the Hernandez opinion is not dicta.  It instructively set forth a hypothetical situation where a defendant posts bail on earlier cases but is unable to post bail on an additional case, similar to the instant case.  We reiterate that "[a]ppellate and trial courts consider themselves bound by this Court's pronouncements, whether classified as dicta or not."  State v. Dabas, 215 N.J. 114, 136-37 (2013).

Therefore, pursuant to Hernandez, defendant is entitled to jail credit toward his Union County case for the 155 days from his October 17, 2010, Ocean County arrest to his March 21, 2011, Union County plea, when his bail was revoked.

## VII.

The judgment of the Appellate Division is reversed.  We remand to the trial court to apply 155 days of additional jail credit.

CHIEF JUSTICE RABNER, JUSTICES LaVECCHIA, ALBIN, and PATTERSON, and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in JUSTICE FERNANDEZ-VINA's opinion.

SUPREME COURT OF NEW JERSEY

NO.    A-18                          SEPTEMBER TERM 2013

ON CERTIFICATION TO        Appellate Division, Superior Court

STATE OF NEW JERSEY,

        Plaintiff-Respondent,

                v.

DARYEL RAWLS,

        Defendant-Appellant.

DECIDED            September 15, 2014
                Chief Justice Rabner          PRESIDING
OPINION BY            Justice Fernandez-Vina
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | REVERSE/REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1