# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3903-15T2

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

v.

ANDRE DeMELO,

       Defendant-Appellant.

_____

Argued April 25, 2017 — Decided May 22, 2017

Before Judges Espinosa and Grall.

On appeal from the Superior Court of New
Jersey, Law Division, Essex County,
Indictment No. 12-11-2782.

James H. Maynard argued the cause for
appellant (Maynard & Sumner, LLC, attorneys;
Mr. Maynard, on the briefs).

Tiffany M. Russo, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for respondent (Carolyn A. Murray,
Acting Essex County Prosecutor, attorney;
Frank J. Ducoat, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant Andre DeMelo appeals the denial of a motion for post-conviction discovery that he filed in anticipation of filing a petition for post-conviction relief (PCR). The Rules of Court do not authorize an order compelling discovery in this context, and defendant did not make a showing of good cause and relevance required for an exercise of the judge's inherent authority to compel discovery when justice requires. R. 3:13-2; R. 3:13-3; R. 3:13-4; see State v. Marshall, 148 N.J. 89, 268-70, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997). Finding no abuse of discretion, we affirm. In re Custodian of Records, Criminal Div. Manager, 214 N.J. 147, 163 (2013); Marshall, supra, 148 N.J. at 270.

On May 20, 2013, defendant pled guilty to one count of an Essex County Indictment charging him with endangering the welfare of a child as prohibited by N.J.S.A. 2C:24-4(b)(4), a second-degree crime. On August 14, 2013, the judge sentenced defendant as a third-degree offender to a three-year term of imprisonment and dismissed the second count of the indictment.

Defendant did not file a direct appeal, but two years after entry of the judgment, he retained an attorney "to determine whether he ha[d] a plausible post-conviction relief claim, pursuant to Rule 3:22-2." The attorney wrote the Essex County Prosecutor's Office and requested "a complete copy of any/all

discovery related to" his client's case.[1] In a subsequent phone call, the attorney was told the request was denied because the case was closed.

On January 29, 2016, relying on Rules 3:13-2 through 3:13-4, counsel moved for an order "permit[ting] discovery in this post-conviction matter . . . as provided by the New Jersey Rules of Court and State v. Marshall." In his certification accompanying the motion, counsel represented that he asked for the "original discovery," which is slightly narrower than the request he made in the letter.

Counsel asserted three justifications in support of the motion:

> 1) seeking discovery from [d]efendant's former trial attorney . . . could create a potential conflict of interest . . . ; 2) the [d]efendant has requested that our office not contact his former attorney; and 3) this office cannot properly consider [d]efendant's PCR options, conduct a trial analysis, and advise [d]efendant without the surety of receiving the complete original discovery . . . that was provided to defense counsel.

Defense counsel and the Essex County Prosecutor's Office briefed the issues, and on April 8, 2016, the trial court heard

---

[1] The appendix on appeal includes the attorney's letter and a certification submitted to the trial court with his motion. The scope of counsel's engagement is stated in the brief submitted on appeal.

oral argument. During the argument, defense counsel acknowledged that he had not contacted his client's former attorney. He also advised that he routinely requests and receives such discovery from other prosecutor's offices under the same circumstances and has only been required to obtain an order compelling production in a few cases. Counsel stressed that he was not seeking production of the prosecutor's notes or anything beyond discovery required by Rule 3:13-3. At the conclusion of the argument, the judge delivered an oral opinion stating his reasons for denying the motion. The judge relied on Marshall.

On appeal counsel argues:

POINT I

THE MARSHALL COURT HELD THAT PCR PETITIONERS ARE ENTITLED TO ORIGINAL GENERAL DISCOVERY.

POINT II

IN THE ABSENCE OF STATUTORY AUTHORITY, THE COURT SHALL SET PROCEDURAL GUIDELINES.

POINT III

APPELLANT SHOULD HAVE THE RIGHT TO OBTAIN A COMPLETE, UNADULTERATED RECORD OF THE ORIGINAL, GENERAL DISCOVERY FROM THE PROSECUTOR'S OFFICE.

Defendant's reliance on Rules 3:13-2 through 3:13-4 is misplaced. Two of the Rules have no application. Rule 3:13-2

addresses depositions when "a complaint, indictment or accusation is pending," and Rule 3:13-4 addresses discovery in capital cases.

Rule 3:13-3 addresses discovery prior to conviction. Paragraph (a) governs pre-indictment discovery when the "prosecutor has made a pre-indictment plea offer"; paragraph (b)(1) governs the State's post-indictment discovery obligations; and paragraph (f) imposes a continuing duty to disclose. But in Marshall, the Supreme Court explained:

> [O]ur Court Rules concerning petitions for PCR, see R. 3:22-1 to -12 [now R. 3:22-1 to -22], do not contain any provision authorizing discovery in PCR proceedings. Moreover, the general discovery obligations contained in the Rules Governing Criminal Practice, see R. 3:13-2 to -4, do not extend to post-conviction proceedings. Defendant relies on Rule 3:13-3(g) [now Rule 3:13-3(f)], which refers to parties' "[c]ontinuing [d]uty to [d]isclose" discoverable materials. However, that obligation continues only "during trial." Thus, our Court Rules do not explicitly authorize the discovery requested by defendant in this case.
>
> [148 N.J. at 268.]

However, the Court made it clear that the absence of express authority to grant discovery related to PCR does not end the inquiry. Courts have "'inherent power to order discovery when justice so requires.'" Id. at 269 (emphasis added) (quoting State ex rel. W.C., 85 N.J. 218, 221 (1981)); see id.

at 268-70 (citing and discussing illustrative decisions by courts of this State and other jurisdictions). Marshall allows exercise of that inherent authority in PCR proceedings. Id. at 270.

The Court provided guidance on proper exercise of the inherent power to require discovery in PCR proceedings. The Court expected trial courts to invoke it only in the "unusual" PCR case and only on a showing of "good cause" and relevance to "defendant's case." Ibid. With that guidance, the Court made it clear that this "inherent authority" is not generalized, but rather it is dependent on the case before the court. Id. at 269-70. If there were any room for doubt, the Court closed the space by stressing, "PCR 'is not a device for investigating possible claims, but a means for vindicating actual claims.'" Id. at 270 (quoting People v. Gonzalez, 800 P.2d 1159, 1206 (Cal. 1990), cert. denied, 502 U.S. 835, 112 S. Ct. 117, 116 L. Ed. 2d 85 (1991)).

A grant of counsel's generalized request for pre-petition PCR discovery to assess defendant's options for PCR would be in direct conflict with the authorization and guidance the Supreme Court so clearly provided in Marshall. This request is nothing other than one to compel the prosecutor to provide information from which a lawyer might identify possible claims. It is not

tethered to any fact, evidence or argument particular to this case. Instead, it is based on broad assertions of policy, such as avoidance of possible conflicts of interest and unfounded PCR claims. Thus, this discovery request falls squarely within the class the Court disapproved in Marshall.

The foregoing is not intended to suggest that the procedure counsel recommends is unworthy of consideration. Nor is it intended to suggest that a prosecutor's office may not routinely and uniformly comply with such requests. Those matters are not before us, because they are outside the scope of a court's case-specific inherent authority. Many years have passed since Marshall was decided. Although the Rules governing discovery and PCR have been amended, they have not been supplemented to require the State to reproduce its initial discovery in order to facilitate the filing of PCR-petitions.

Defense counsel takes issue with the State's and the trial court's reliance on statements in Marshall that are not part of the Court's holding. But the Court did not hold, as defendant argues, that Rule 3:13-3 applies in PCR matters; the Court explained that courts exercising inherent authority "may reason by analogy to existing discovery rules, see R. 3:13-2 to -4, in designing an appropriate PCR discovery order." Marshall, supra, 148 N.J. at 271; see, e.g., State v. Ball, 381 N.J. Super. 545,

562 (App. Div. 2005) ("see[ing] no difference between a defendant's right to post-indictment, pre-trial discovery pursuant to R. 3:13-3 and post-conviction discovery relevant to racial profiling," because a defendant must "present a colorable claim of racial profiling to qualify for discovery") (internal quotation marks omitted). Moreover, even if the passages from Marshall discussed above could be characterized as dicta, this court should follow the Supreme Court's guidance. State v. Rawls, 219 N.J. 185, 198 (2014) (quoting State v. Dabas, 215 N.J. 114, 136-37 (2013)).

Defendant's arguments are thoughtful and persuasively presented, but they are generalized — that is, divorced from the evidence and issues in this case. The proper exercise of judicial discretion involved in use of the inherent power to grant discovery must be guided by the law and the specific case before the court. See State v. Madan, 366 N.J. Super. 98, 108-110 (App. Div. 2004) (providing an extensive discussion of judicial discretion and cases addressing its proper exercise). There was no abuse of discretion here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3903-15T2